**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UTSAVKUMAR MAHESHBHAI PATEL and MAHESHKUMAR DAHYABHAI PATEL,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 26 C 2556** |
| **MARCO RUBIO, SECRETARY, UNITED STATES DEPARTMENT OF STATE and LAURA WILLIAMS, CONSUL GENERAL, UNITED STATES CONSULATE GENERAL, HYDERABAD,** | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

Utsavkumar Patel and Maheshkumar Patel have sued Marco Rubio and Laura Williams in their official capacities as Secretary of State and Consul General, respectively. The government has moved to dismiss Carson’s complaint on three grounds: (1) lack of jurisdiction; (2) improper venue; and (3) failure to state a claim upon which relief may be granted. For the reasons stated below, the Court grants the motion to dismiss.

## Background

At the pleading stage, the Court must "accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018).

Congress created the U nonimmigrant visa program in 2000 to provide legal

status to victims of qualifying crimes who are helpful to law enforcement in the investigation or prosecution of the crime. *See* 8 U.S.C. § 1101(a)(15)(U); *see also* 8 U.S.C. § 1184(p). To receive U nonimmigrant status, the crime victim first files a Form I-918 petition with the United States Citizenship and Immigration Services (USCIS). The applicant may simultaneously request U nonimmigrant status for qualifying family members, including unmarried children under twenty-one years old at the time of the application, by filing a Form I-918, Supplement A (I-918A) petition on the derivative person's behalf. Derivatives who turn twenty-one years old after the parent's petition was filed but while it was pending remain eligible for approval. § 1101(a)(15)(U)(ii); § 1184(p)(7)(A). If the USCIS approves the applicant's and derivative's petitions, and the derivative lives outside the U.S., the derivative becomes eligible to apply for a U nonimmigrant visa at the U.S. consulate with jurisdiction over the derivative's place of residence. The visa application process includes an interview with a consular officer, who decides whether to issue or refuse a visa.

On November 30, 2016, Maheshkumar Patel, who was living in Aurora, Illinois at the time, filed an I-918 petition with the USCIS. On the same date, he filed an I-918A petition on behalf of his son, Utsavkumar Patel, who was thirteen years old and living outside the United States. Nearly seven and a half years later, on March 29, 2024, the USCIS approved both petitions. At this point, Utsavkumar was nearly twenty-one years old. Utsavkumar immediately applied for a visa with the U.S. consulate in Hyderabad, India, but due to interview wait times, he was not interviewed until more than three months later—after he had turned twenty-one. The consulate refused the visa, concluding that because Utsavkumar had turned twenty-one after the USCIS approved

the I-918A petition but before the consulate issued the visa, he was no longer eligible for U nonimmigrant derivative status. Maheshkumar and Utsavkumar asked the State Department to review the consulate's refusal, but the Department found the consulate had correctly interpreted the law.

On March 6, 2026, Utsavkumar filed this lawsuit seeking to compel the Secretary of State to approve his derivative visa application. After the government moved to dismiss the complaint, Utsavkumar filed an amended complaint on June 5, 2026, adding Maheshkumar as an additional plaintiff and Laura Williams, the Consul General at the U.S. Consulate General in Hyderabad, as an additional defendant. The government then moved to dismiss the amended complaint for lack of jurisdiction, improper venue, and failure to state a claim.

**Discussion**

The legal standard for a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6) is the same: The plaintiff must allege enough facts to establish a basis for jurisdiction and a claim for relief that is *plausible* on its face. *NewSpin*, 910 F.3d at 299; *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). At the pleading stage, the Court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Choice v. Kohn L. Firm*, 77 F.4th 636, 638 (7th Cir. 2023); *NewSpin*, 910 F.3d at 299. In ruling on a Rule 12(b)(1) or Rule 12(b)(6) motion to dismiss, a court is limited to assessing the allegations in the complaint, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information subject to proper judicial notice. *Phillips v. Prudential Ins. Co. of Am.*,

714 F.3d 1017, 1019–20 (7th Cir. 2013).

When a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of establishing that it filed its case in the proper district. *Brne v. Inspired eLearning*, No. 17 C 2712, 2017 WL 4263995, at *2 (N.D. Ill. Sept. 26, 2017). But when considering a motion to dismiss for improper venue under Rule 12(b)(3), a court assumes the truth of the allegations in the plaintiff's complaint only when they are uncontradicted by the defendant's affidavits. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016). The court "may look beyond the mere allegations of a complaint and need not view the allegations of the complaint as the exclusive basis for its decision." *Id.*

**A. Standing**

Article III standing is “an essential component of a federal court's subject matter jurisdiction to resolve parties’ disputes.” *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 284 (7th Cir. 2020). Standing has three elements: "(1) an injury in fact that is (2) fairly traceable to the challenged action of the defendant and (3) is likely, not merely speculative, that the injury will be redressed by a favorable decision." *In re Recalled Abbott Infant Formula Prods. Liab. Litig.*, 97 F.4th 525, 528 (7th Cir. 2024) (*quoting Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). The injury-in-fact element requires "an invasion of a legally protected interest" that is concrete, particularized, and actual or imminent. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Traceability requires "a causal connection between the injury and the conduct complained of." *Id.*

The government argues that Maheskumar lacks standing to sue because he has

not suffered any invasion of a legally protected interest. The plaintiffs respond that similar to the plaintiff in *Matushkina v. Nielsen*, 877 F.3d 289 (7th Cir. 2017), Maheshkumar has a legally protected interest in his son's admissibility to the United States. The plaintiffs contend that Maheshkumar's inability to travel to visit his son due to the restrictions imposed by his U visa also constitutes an injury in fact. The government replies that Maheshkumar's family separation injury is not a legally protected interest and that his travel-related injury is not fairly traceable to the consular officer's refusal of Utsavkumar's visa application.

Neither theory of injury that Maheshkumar cites meets the standing requirements imposed by Article III. Beginning with the family separation injury, under the law, Maheshkumar does not have a legally protected interest in his son coming to the United States. As the government points out, even a United States citizen is considered not to have a legally protected interest in the admission of her noncitizen spouse. *Dep't of State v. Muñoz*, 602 U.S. 899, 908–09, 919 (2024); *cf. Khachatryan v. Blinken*, 4 F.4th 841, 856 (9th Cir. 2021) (holding that there is no constitutional right for a U.S. citizen adult child to bring his noncitizen parent into the United States). Consequently, as a foreign national holding temporary nonimmigrant status, Maheshkumar does not have a legally protected interest in the admission of his adult son.

Additionally, *Matushkina* is distinguishable from this case. *See Matushkina*, 877 F.3d at 291. The court in that case held that a noncitizen whose visa application was denied had an interest in *her own* admissibility to the United States. *Id.* at 293. The court expressly declined to decide whether her U.S.-citizen daughter had standing to challenge the denial of her mother's visa application. *Id.* at 292. Unlike the mother's

challenge of her own visa denial in *Matushkina*, Maheshkumar challenges the denial of his son Utsavkumar's visa application. This distinction is consistent with the general rule that a plaintiff "cannot sue in federal court to enforce someone else's legal rights." *MainStreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 746 (7th Cir. 2007).

The travel-related injury theory, though arguably closer to the mark, falls short as well. First, Maheshkumar's intention to travel to visit his son is not an actual or imminent injury. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564 (cleaned up). Second, even if this theory satisfied the injury-in-fact requirement, Maheshkumar's travel constraints are not fairly traceable to the challenged conduct: the consular officer's denial of Utsavkumar's derivative visa. Instead, Maheshkumar's inability to travel stems from the conditions attached to the U nonimmigrant status that he sought and received. A court order compelling the consular officer to approve Utsavkumar's visa application would not affect any of the travel restrictions tied to Maheshkumar's U nonimmigrant status.

For these reasons, the Court grants the government's Rule 12(b)(1) motion and dismisses Maheshkumar from this lawsuit.

**B. Venue**

Without Maheshkumar as his co-plaintiff, Utsavkumar bears the burden of establishing that the Northern District of Illinois is a proper venue for his lawsuit challenging the consular officer's denial of his visa application. Both parties agree that venue here is governed by 28 U.S.C. § 1391(e)(1), which permits a lawsuit to be

brought in any district where (A) "a defendant in the action resides," (B) "a substantial part of the events or omissions giving rise to the claim occurred," or (C) "the plaintiff resides, if no real property is involved in the action."

The government argues that Utsavkumar has not met his burden because none of the remaining parties reside in this district. Utsavkumar responds that section 1391(e)(1)(B) is satisfied because his father's original I-918 petition concerned a crime that took place within this district and the current filing address for U visas is at a lockbox located within this district. Utsavkumar also argues that if the Court finds that venue is improper, it should transfer his lawsuit to a court with proper venue under 28 U.S.C. § 1406(a). The government replies that neither basis that Utsavkumar offers constitutes an event giving rise to his claim challenging the consular officer's denial of his visa application. The government further contends that dismissal, not transfer, is the proper disposition of this case.

Utsavkumar cannot establish venue under either section 1391(e)(1)(A) or section 1391(e)(1)(C). Neither defendant lives in the Northern District of Illinois; Secretary Rubio performs his official duties in Washington, D.C., and Consul General Williams performs hers at the U.S. Consulate General in Hyderabad, India. And Utsavkumar, a foreign national living in India, does not reside in this district either.

Utsavkumar's section 1391(e)(1)(B) arguments lack merit as well. Neither Maheshkumar's original I-918 petition (which was approved by USCIS) nor the current filing address for I-918 petitions from applicants living in Illinois amounts to a substantial part of the events giving rise to this lawsuit. The only activity by either defendant that Utsavkumar challenges is the consular officer's denial of his visa application, which took

place in Hyderabad. *Cf. Nayi v. Noem*, 799 F. Supp. 3d 739, 745, n.2 (N.D. Ill. 2025) (finding venue to be proper under section 1391(e)(1)(B) in a lawsuit alleging unreasonable delay by USCIS in processing plaintiffs' I-918 and I-918A petitions because substantial parts of plaintiffs' petitions were completed in the district). And the crime underlying Maheshkumar's I-918 and I-918A petitions concerns only USCIS's decision to issue U nonimmigrant status in the first place, not the consular officer's decision to deny Utsavkumar's visa application. Additionally, as the government notes, Utsavkumar cannot challenge USCIS's decision because the agency *approved* the I-918A petition filed by his father on his behalf. And even assuming the I-918 and I-918A petitions were filed at the USCIS lockbox in this district, the process to obtain U nonimmigrant status with the USCIS is separate and distinct from the consular officer's decision to deny Utsavkumar a visa. In sum, this district is an improper venue for Utsavkumar's claim.

Once a court determines that venue is improper, it may either dismiss the case or transfer it to a district with proper venue if it is in the "interest of justice" to do so. 28 U.S.C. § 1406(a). To decide whether it is in the "interest of justice" to transfer Utsavkumar's claim instead of dismissing it, the Court can "take a peek at the merits" to determine whether the claim is a "sure loser." *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (construing the identical "interest of justice" standard in 28 U.S.C. § 1631); *see also North v. Ubiquity, Inc.*, 72 F.4th 221, 228 (7th Cir. 2023) (considering the merits of plaintiff's claims in the § 1406(a) interest of justice analysis); *Granger v. Rauch*, 388 F. App'x 537, 541 (7th Cir. 2010) (same). If the case is "clearly doomed," dismissal is proper because "there is no reason to raise false hopes and waste judicial

resources." *Seiter*, 173 F.3d at 610. Thus the Court will peek at the merits of Utsavkumar's claim by considering the arguments made by both parties regarding the government's Rule 12(b)(6) motion to dismiss. *See Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 907–10 (7th Cir. 2003) (conducting a six-paragraph analysis of the merits of the plaintiff's claim to conclude that "there is no reason to waste judicial resources or the resources of the parties by transferring the case"); *Raymond Loubier Irrevocable Trust v. Loubier*, 765 F. App'x 560, 561 (2d Cir. 2019) (holding that the district court was entitled to consider the merits of the claim when deciding whether the interest of justice standard was met); *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 108 (10th Cir. 2012) (determining that transfer would not be in the interest of justice because the district court concluded the plaintiffs' claims were unlikely to have merit).

**C. Peek at the merits**

The government argues that the doctrine of consular nonreviewability bars Utsavkumar's claim. Consular nonreviewability is the general rule that decisions to issue or withhold a visa are not reviewable in court unless Congress says otherwise. *Matushkina*, 877 F.3d at 294. This principle reflects the understanding that the admission and exclusion of foreign nationals is a "fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." *Muñoz*, 602 U.S. at 907 (quoting *Trump v. Hawaii*, 585 U.S. 667, 702 (2018)).

Utsavkumar first responds that the "facially legitimate and bona fide" exception to consular nonreviewability applies, citing *Kleindienst v. Mandel*, 408 U.S. 753, 769 (1972). This exception allows the Court to conduct a limited review to determine

whether a visa was denied for a bona fide and facially legitimate reason. *Matushkina*, 877 F.3d at 294. The limited review consists of looking at the face of the decision, ascertaining whether the officer cited a proper ground under the statute, and ensuring that no other constitutional limitations were violated. *Id.; Hawaii*, 585 U.S. at 703 ("the government need provide only a statutory citation to explain a visa denial"). The exception does not, however, allow a court to "look behind" the consular officer's decision. *Pak v. Biden*, 91 F.4th 896, 901 (7th Cir. 2024).

The problem with Utsavkumar's argument is that the facially legitimate and bona fide exception to consular nonreviewability applies only when a visa denial implicates the constitutional rights of a *U.S. citizen*. *Id.*; *Muñoz*, 602 U.S. at 908 (stating that the exception did not apply to a non-citizen plaintiff because he had "no constitutional right of entry to this country as a nonimmigrant or otherwise"). Utsavkumar is not a U.S. citizen. And even if he were, the exception would not apply. The amended complaint pleads that the consular officer denied Utsavkumar's visa application because he had turned twenty-one at the time of the interview and therefore was no longer eligible for a derivative visa under sections 1101(a)(15)(U)(II) and 1184(p)(7)(A). Am. Compl. ¶¶ 28, 31, 32. Utsavkumar contends that the consular officer's interpretation of these provisions was erroneous because "it would not make sense for Congress to protect children from aging out from derivative status who turned twenty-one while the USCIS petition was pending, but not those who turned twenty-one after their petition was approved but before they had a chance to get their visa approved." *Id.* ¶ 34 (cleaned up). This point makes logical sense, and the equities certainly cut in Utsavkumar's favor. But the law does not permit the Court to "look behind" the consular officer's

interpretation of the U visa age-out protection statutes. *See Pak*, 91 F.4th at 901. Because the government has provided a statutory citation that explains the consular officer's denial of Utsavkumar's visa application, the facially legitimate and bona fide inquiry ends there.

Utsavkumar also argues that he seeks to challenge only the consular officer's interpretation of these statutes, which was based on guidance from the State Department's Foreign Affairs Manual. He contends that because he does not challenge the consular officer's application of the facts to the law, consular nonreviewability does not apply.

This argument lacks merit. "Plaintiffs cannot shield their claims from the doctrine of consular nonreviewability by repackaging their substantive complaints as procedural objections." *Id.* (cleaned up). The doctrine's bar to judicial review applies even when a plaintiff seeks to challenge a visa decision indirectly. *Matushkina*, 877 F.3d at 295. Regardless of whether Utsavkumar challenges the legal interpretations or factual determinations that the consular officer relied on in her decision to deny him a visa, it is undisputed that he challenges the visa denial decision itself. And the power to make that decision rests exclusively with the consular officer. 8 U.S.C. § 1201(a); *see also* 8 U.S.C. § 1104(a) (excluding from the Secretary of State's authority "those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas").

In sum, based on the Court's "peek at the merits" of Utsavkumar's claim, his claim is "clearly doomed," and thus it would not be in the "interest of justice" to transfer it to another venue. *See Seiter*, 173 F.3d at 610. Thus dismissal, not transfer, is

appropriate.[1] The dismissal of Utsavkumar's claim is with prejudice, because Utsavkumar neither requests leave to amend nor explains how a further amendment could cure the defects in his complaint.

The Court wishes to make one last point not raised by the parties. An "affirmative showing of bad faith" that is "plausibly alleged with sufficient particularity" might justify a more searching review of a visa decision. *Pak*, 91 F.4th at 902. The Court is concerned with the seven-and-a-half-year delay Utsavkumar experienced in the processing of his I-918A petition. Courts have frequently found that immigration-related delays in excess of five, six, or seven years are unreasonable. *Patel v. Noem*, 788 F. Supp. 3d 950, 958 (N.D. Ill. 2025) (quoting *Orozco v. Blinken*, No. 22 C 5134, 2023 WL 4595377, at *4 (N.D. Ill. July 18, 2023)). Furthermore, the USCIS adjudicates 80 percent of U visa petitions within 33.5 months. *Id.* The Court is also troubled by the timing of when the USCIS finally acted upon Utsavkumar's petition, which occurred just before he turned twenty-one. Given that scenario, a delay of just a few months by the consulate to interview an almost-twenty-one-year-old derivative visa applicant, who has already been approved for U nonimmigrant status by the USCIS, would enable the consulate to deny the visa solely based on the government's interpretation of the U visa age-out provision and irrespective of the merits of the application. At the very least, the government's interpretation of the statute creates perverse incentives for the USCIS to delay U visa petitions and for the consulate to delay interviews until after the applicant turns twenty-one. But because Utsavkumar has made no affirmative showing (or even

[1] The Court notes that Maheshkumar's claim would be subject to denial on the same basis if the Court had not found that he lacks standing.

allegation) of bad faith, the Court dismisses his first amended complaint with prejudice.

## Conclusion

For the reasons stated above, the Court grants the government's motion to dismiss [dkt. no. 16]. The Clerk is directed to enter judgment stating: Maheshkumar Patel's claim is dismissed for lack of standing and Utsavkumar Patel's claim is dismissed with prejudice. The telephonic status hearing set for November 25, 2026 is vacated.

MATTHEW F. KENNELLY
United States District Judge

Date: November 20, 2026